M art in. J.
delivered the opinion of the court, „ . i lie defendant is sued by a.tachment on t\v o . ■ , ,,,• . . . promissory notes. 1 be process was levied on property of iris, in the hands of W. Boyd son, who being interrogated as garnishees, an-swemt tnatthey were the consignees of a cargo * s ° shipped to \en Orleans by the defendant and the firm of N. A. & Jno. Haven, and that there ... . . ,, „ ™ remained in toeir hands a balance ot oust,97 due to the defendant, and an equal one to the other shippers.
There was an attorney appointed to attend. *454 to the interests of the defendant, and lie pleaded r the general issue.
The-plaintiffs having introduced W. Boyd, one 0f f|ie garnishees, to prove the defendau "s signature, the counsel of the latter inquired of him, on what ground he had asserted in his answers to the interrogatories, that the defendant was owner of part of the cargo there mentioned, and was answered from a knowledge derived from the defendant’s letter, and information from the captain. The question was excepted to and the exception overruled.
The district court was of opinion that the property attached, being partnership property, was not liable to the attachment of the defendant’s private creditors, and dismissed the appeal. The plaintiffs appealed.
It appears to this court that the answer was irrelevant. The defendant had pleaded the general issue, and it was too late to complain of an irregularity in the execution of the process of attachment; but this does not affect the case; laying it asi le, we find the interest of l he defendant, in the property attached in the hands of the garnishees, sufficiently described in the hands of the garnishees.
There is not .any evidence of an existing *455 partnership- between the defendant .«nd the oi her joint owners or the cargo. 1 he jonp ownership was at an end, with the transaction in which the interests of the joint owners were united. By the accounts, referred to as part of the auswer to the interrogatories, and which are the only evidence of the defendant’s property in the hands of the garnishees, it appears that he is entitled to 8584,97? for one half of the cargo, and stands credited with that sum by the garnishees. This severed demand of his is clearly attachable for his debt.
We do not mean to intimate Whether partnership property, viz. the share of a partner in it, cannot he seized by his private creditors, as the district court thinks : the solution of this question being unnecessary in the present case.
It is, therefore, ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed ; and it is ordered, adjudged and decreed that the plaintiffs recover from the defendant the sum of five hundred and fifty one dollars and seventy-nine cents, with interest at five per cent, from the inception of the suit, and that the garnishees pay the said sum out of the clear funds in their bauds, or kite balance wined they acknowledge *456 to the credit of the defendant in their books, ihd that the defendant pay costs in both courts.
Pierce for the plaintife, Carleton, for the defendant.